of the day. U.S. against Kyle Matthews. Appeal number 20-2686. Let's see. We have Mr. Schultz and Ms. Ruppert. Okay. Go ahead, Mr. Schultz. You need to unmute, and then we'll be happy to hear what you have to say. U.S. against Kyle Matthews. Appeal number 20-2686. Let's see. We have Mr. Schultz and Ms. Ruppert. Okay. Go ahead, Mr. Schultz. Todd Schultz, assistant federal public. You need to unmute, and then we'll be happy to hear what you have to say. Okay. Go ahead, Mr. Schultz. It appears that one of the attorneys may have the stream number 20-2686. We have Mr. Schultz and Ms. Ruppert. Mr. Schultz, it appears to be on your end of the stream. There we go. I apologize for that. May it please the court, counsel for the government, Todd Schultz, assistant... Counsel. Counsel, please. Because of this, let's just make sure we've got a clean audio record here. We'll now hear the appeal in U.S. against Kyle Matthews. Appeal number 20-2686. We'll hear first from Mr. Schultz. Go ahead. Todd Schultz. May it please the court, counsel for the government, Todd Schultz, assistant federal public defender representing the defendant appellant. District court in this case erred in its finding that the good faith exception to the exclusionary rule applies to save the search warrant in this case. The affidavit and supporting testimony are so lacking in an indicia of probable causes to render official belief in its existence entirely unreasonable. The law is well established that police officers are charged with having knowledge of well- established legal principles. Therefore, the affidavit in this case is charged with knowing that a affidavit is a written declaration or statement of facts made voluntarily and confirmed by oath or affirmation. The affiant also knew that he must provide the issuing judge with a substantial basis for determining the existence of probable cause. Moreover, he knew that the issuing judge could not simply ratify his bare bone, his bare conclusions or beliefs. Finally, the affiant knew or is tasked with knowing that the probable cause determination is not a matter of faith, that a magistrate judge must make, an issuing judge must make his probable cause determination based on facts not believed. It was well established, there was well-established law at the time this search warrant was executed indicating that the affidavit was defective. By the time they executed the search warrant, the Hinton rule was well-established. That rule required that in the case of multiple residents, probable cause needs to be established for each resident. Now, there is an exception to the Hinton rule where if an officer knows there are multiple units and believes there's probable cause for each unit or the targets of the investigation have access to the entire structure. The district court misread this case law with respect to the exception to the Hinton rule. The district court's order indicates that the affiant satisfies the exception to the Hinton rule by merely stating not in the affidavit but only in his testimony after being prompted by the issuing judge that he believed defendant had access to all units. There's no opinion from this circuit that I'm aware of that power upon the phrase, I believe the suspect has access to all areas such that that belief alone would be sufficient to satisfy fourth amendment concerns. To the contrary of this court's holdings, I believe Butler is one of those cases, indicates that a search warrant will be defective, is defective, if it fails to contain specific and articulable facts establishing probable cause to all units of a multi-unit property. Affiant in this... Does it matter here at all that the police thought there was or at least had indications that there was somebody building bombs? I'm trying to picture this, the position of the police officers here, where the police officer presents what he's got to a prosecutor who drafts the application, presents it to a judge, and I understand your position to be that even though the prosecutor drafted it and the judge signed it, the police officer was on notice that he could not rely on those two legal professionals evaluation in this issue. You're right, my position would be that at some point we have to hold officers, either the court means what it says or it doesn't, and when the court says that officers are held to know basic principles of law, I think it's clear from looking at this affidavit that any officer reading it would say at the very beginning, where is the nexus between this crime and the place to be searched? And there's no effort anywhere in this brief affidavit to explain... Counsel, please excuse me, we're having a little bit of trouble with crosstalk here, but if it's that obvious, how did the prosecutor and the judge miss it? Well, your honor, I don't want to speculate, but I think if you look at the affidavit itself, which is about eight paragraphs long, I don't think the government or anyone who's looked at it has suggested that there's any effort to establish a nexus. And I think what's interesting, your honor, is this court has noted that sometimes an issuing judge might rely on the experience of affiant regarding where evidence might be found. And I'm familiar with that, your honor, in cases involving child pornography, where there's a lengthy boilerplate statement where the affiant says based on his experience, this information is usually kept on computers and those computers are usually kept at the suspect's home. In this case, there is no reference to his experience or training, which would suggest that in these types of cases, the information, the evidence sought might be found at the suspect's residence, the place believed to be the residence. And this court has specifically held in United States versus Wiley, that it agrees with the district court in that case, that it would be inappropriate to adopt a categorical rule that would in every case uphold the finding of probable cause to search a particular location simply because a suspect resides there. And here, we don't even know that he does. There's just a unsubstantiated belief that he is. But even if there was evidence to establish and there aren't any facts to establish that he does, this court has said that's not enough. You don't get to search someone's home just because you suspect him of a crime. And again, there is no nexus locating or connecting the crime to the place to be searched. And there's no nexus connecting defendant to that location. Does it make a difference that this was a search for explosives as compared to, let's say, evidence of insurance fraud? Your Honor, to my knowledge, like the Fourth Amendment doesn't apply less depending on how serious the crime is. So I would suggest to you that absolutely not. The Fourth Amendment applies across the board and it's not how somehow, well, because they were in a hurry in this case and we think it was a really serious crime, you know. Counsel, at the risk of being overly dramatic, suppose it's a threat of a bomb capable of taking out a city block or a city. Are you saying that we would have to suppress evidence seized in a search warrant that was issued hurriedly, sloppily, but issued with input from a prosecutor and the judge? Your Honor, perhaps there might be some other exception that I'm unaware of for an exigent circumstance like that, but that's not the case. And the final point I would make before reserving my time for rebuttal is this. No court that I'm aware of has ever said that somehow if you consult with a prosecutor and a judge signs the affidavit that the search warrant automatically good faith applies. In fact, those things are both present here. We acknowledge that it enjoys a presumption of good faith. However, this court is still called upon to determine whether it's so lacking in indicia of reliability as to warrant any official belief completely unreasonable. And we think clearly it is. I would reserve the remainder of my time for rebuttal, Your Honor. All right. Thank you, Mr. Schultz. For the government, Ms. Ruppert. Thank you, Your Honors. Laura Ruppert on behalf of the United States. May it please the court counsel. Detective Sergeant Becker in this case acted in good faith when he executed the search warrant at appellant's residence. And therefore, the evidence that was obtained should not be subject to the exclusionary rule. Suppression of evidence sees pursuant to a search warrant that is later declared invalid is inappropriate if the officers who executed the warrant relied in good faith on the issuing judge's finding of probable cause. And the decision to seek a search warrant or an obtain of search warrant is prima facie evidence that the officer was acting in good faith. Of course, a defendant can rebut this presumption by showing that the warrant was so lacking in probable cause that the officer's belief in its existence was entirely unreasonable. And, of course, that's why we're here today. This court in the United States versus Kerr, K-O-E-R-T-H. One of the issues there was whether the search warrant was so lacking in indicia of probable cause that no officer could have harbored an objectively reasonable belief to the contrary. And this court stated that in order to determine whether an officer could have relied in objective good faith on the judge's decision to issue a search warrant, the limited inquiry is whether the officer could have reasonably believed the materials presented to the judge either in affidavit or in some other respect such as testimony from the police officers were sufficient to establish probable cause. And this court's decisions discussing the good faith exception to the exclusionary rule really focused kind of on two areas, one being the content of the materials that were presented to the judge, and number two, how those materials were prepared and presented. And this court has repeatedly noted that consultation with a prosecutor prior to applying for a search warrant provides additional evidence of that officer's objective good faith. All right, but this is pretty bad, right? I mean, we believe he's a resident there, that's it. And we believe he has access to the entire property. Those are two critical foundations for the search warrant without giving the judge really anything. Judge, I appreciate that comment. In the affidavit that Detective Sergeant Becker prepared, there are two statements regarding the defendants residing at 21,000 North Emerald Road. In paragraph two, excuse me, paragraph 3D, Detective Sergeant Becker, he detailed his quick investigation, again, under time pressures because of the nature of the complaint, and is concerned that citizens in his area were possibly in peril because of appellant's discussion of detonating this pipe bomb at a couple of local businesses, a church, or school. But Detective Sergeant Becker included in his affidavit, in that paragraph, that this explosion that occurred two days prior that appellant bragged about at the O'Reilly's Auto Parts with the employee, this explosion occurred within a mile and a half of his residence. And he did put in that paragraph that the residence that had been shaken as a result of that explosion is located approximately 1.5 miles from the residence of the suspect. And then, of course, Detective Sergeant Becker, he did include the statement that the premises to be searched is believed to be the suspect. He included a number of photographs that he had taken the morning of the application for the search warrant to include with the materials. And so we acknowledge that there was not any further elaboration. But, Your Honor, I would submit that that's where Hunter, while not a direct parallel, is more similar than dissimilar. And in United States versus Hunter, this court stated that the affidavit's failure to state explicitly that the place to be searched was defendant's residence was by itself not fatal. Again, Judge Hamilton, what you were saying earlier, Detective Sergeant Becker in this case did everything that he could to get a proper warrant. All of this materialized on a Sunday evening at 8 p.m. He received this information that appellant had a pipe bomb in a public place, that he was talking about detonating it at other public places to include local auto dealerships, a church, a school. He bragged about an explosion that happened two days prior that Detective Sergeant Becker was able to confirm that an explosion had, in fact, taken place in the Keysport area. Ms. Ruppert, do you think we should depend upon those facts as distinct from my more innocuous hypothetical about papers for an I do, Judge. We did cite to a Second Circuit case that talked about time pressures and how the time pressures of an investigation might produce some isolated negligence. I would submit that that might be what occurred here, that the fact that there was a risk to public safety should be a consideration for this court, and that when Detective Sergeant Becker received this information at 8 p.m. and believed that there was an immediacy to act, he did everything that he could to get a warrant. He received the information. He conducted an investigation. He looped in his state's attorney nearly immediately. The state's attorney helped prepare the search warrant documents. They went then to a neutral magistrate judge the following morning, just right around 9 a.m., and in addition to the affidavit, the complaint, and the search warrant documents that were presented, testimony was also elicited. The state's attorney elicited from Detective Sergeant Becker, again, additional facts that he had developed in his investigation. The state's attorney asked him, quote, you're intending to go into the entire property where he's been staying, which is the Fin and Feather Restaurant, that being that 21,000 North Emerald Road address, which Detective Sergeant Becker confirmed, and that he had access, he had understanding that he had access to all those places. So where the limited inquiry, Your Honor, is whether or not Detective Sergeant Becker had a reasonable belief that the materials that were presented amounted to probable cause, we would submit yes, where he consulted with the prosecutor on drafting the documents, where he testified before a judge. After his testimony, the judge had no further questions and instead made a docket entry that he found that probable cause existed, that he should have reasonably believed and did reasonably believe that the warrant was issued with probable cause and he had every right to execute that search warrant. Can you remind me, Ms. Ruppert, was Mr. Long the witness to Mr. Matthews' statements? Was he before the judge as a witness? He was, Your Honor. So not only did Detective Sergeant Becker testify before the judge on that Monday morning, that being April 2nd, 2018, but the complaining witness also appeared before the judge that Monday morning. In your brief, as you may recall, the defense argued that the later affidavit that was submitted about the sheriff's interview with Mr. Long providing information that had not been presented to the issuing magistrate under part of our opinion in court could not really appropriately be considered here. I understood from your brief, you seem to be relying on that affidavit of that interview, but without really defending your use of it. Do you want to address that point? Your Honor, admittedly, we did provide that information. However, this court has stated in the Kurth decision that the good faith determination really should be determined based upon what was presented to a judge. However, the purpose of the exclusionary rule is to deter further police misconduct. And in this case, I think that it's important just to know that Detective Sergeant Becker, he did have information. He did elicit information about the defendant actually living in that address, although that was not included in the affidavit. He wasn't just willy-nilly saying, you know, oh, you know, we believe that he lives here. He did receive that information, but in his haste, that did not make its way to the affidavit. Well, there's a line of cases that we've had under, so I've gone blank, Delaware against the, on bad faith efforts to obtain, and I've suddenly gone blank and I hope somebody can help me out, but a bad faith application for a warrant by misrepresenting or concealing information. And in those cases where the question is subjective good faith, the honesty of the presentation, we have allowed this kind of evidence to carry weight where the police, for example, omit information that supports probable cause from their application, but they're in a hurry and it just gets left out, but that's evidence of subjective good faith. I don't know how that line of cases fits in with the question of objective good faith under the good faith Leon exception. Judge, admittedly, I think that when I, candidly, when I filed my response to defendant's motion to suppress initially, I believe the eighth circuit does take into consideration subjective information, information that an officer may have possessed, but did not include in an affidavit. And I believe the eighth circuit does take that into consideration in determining whether good faith applies. So there is more of a subjective analysis that's included. I don't believe that to be the law of this circuit under Kurth. So I did cite to an eighth circuit case in my response, but I do believe that Kurth is controlling and that this court has said that the good faith determination should be determined on the materials that are presented to the judge. Thank you. Thank you. And we would just respectfully request that this court affirm the decision of the district court. Thank you so much. Thank you, Ms. Ruppert. Rebuttal, Mr. Schultz. Your Honor, one of the units on the property that Affion claimed the defendant had access to was, in fact, a separate residence. And the Affion had an obligation to inform the issuing judge that there was a separate residence where someone lived. Somebody else's home was on that property. And the Affion's omission of his failure to do so would negate any claim at good faith. When you think about it, Your Honor, in the past, the court has looked at common sense. Mr. Schultz, what evidence is there in the record that the Affion did not or that the Affion knew that the target here, I guess, of the search warrant did not have access to that property where someone else may have been residing? What evidence is there that he did not? Correct. Your Honor, there's no evidence that he did. And therefore, there's no evidence that he didn't. That's the problem, I think, with the affidavit. But what I would say is this. The Affion knew someone else lived there in a separate residence and did not tell the issue. And that's what I'm asking. What evidence is there in the record of that? There's a videotaped statement of the resident who lives there, Denise Beeser. I think it's a document 66, where she's there when the warrant's executed. She testifies that she lived there for two years. Any effort on the part of the Affion to establish who lived there, and there was none, would have shown that there was a different property owner. I guess the Affion could have gone and knocked on the door and asked who lived there, but that might have given things away, right? I'm not suggesting that, Your Honor. I'd suggest that the court look at its opinion in Johnson, where it talks about all the steps the officer took there as far as calling the utility company, checking land ownership records. Here, Affion knew or should have known. Defendant wasn't the owner of that property. Defendant didn't have access or control over his neighbor's home. The idea that his activities were somehow shared, there's no suspicion that this other person, Denise Beeser, was involved in those criminal activities. Common sense would tell you that what defendant was suspected of is not something that you would be doing at your neighbor's house. Not only are there no facts, no common sense would support a belief that he had access to all these other structures. The reality is, Affion didn't know specifically where defendant lived. To cover that, he had a belief that he had access to everywhere, such as they would not miss the evidence. Did he... Was evidence, incriminating evidence, seized at the Beeser household? To my knowledge, no, Your Honor. Was it searched? That's not clear from the record, Your Honor. Okay, thank you. Anything further, Mr. Schultz? Your Honor, we just asked that the court overrule the denial of the suppression order and order the evidence seized here on a search warrant that doesn't list a residence with any facts or have any connection to that location. That this court would find that that clearly lacks any indicia of responsibility and we'd ask that the court so find and order the evidence suppressed. Our thanks to both counsel. Case will be taken under advisement.